82 F.3d 420
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Martin W. MYERS, Plaintiff-Appellant,
v.
Thomas C. BURNS, Hoite C. Caston, K. Richard Keeler,
Trustees of Urantia Foundation, et al.,
Defendants-Appellees.
 No. 95-2344.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 28, 1995.
Decided April 9, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied May 6, 1996.
 
 Before MANION, ROVNER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Martin W. Myers, a former trustee of the Urantia Foundation, sought a declaration that the other trustees improperly removed him from the Urantia's Board of Trustees. The district court granted defendants summary judgment. Myers appeals. We affirm.
 
 
 2
 The Urantia Foundation is a charitable not-for-profit trust created in 1950 pursuant to a Declaration of Trust to promote the principles, teachings and doctrines of the Urantia Book.[1] The Declaration of Trust provided that the Trust Estate "shall be managed by a Board of Trustees."
 
 
 3
 Martin W. Myers was one of the five trustees of the Urantia Foundation from 1972 until 1993. In 1992 and 1993, the defendants, who are the other four trustees, unanimously voted at three consecutive quarterly meetings to remove Myers as a co-trustee of the Foundation. In an affidavit submitted in support of defendants' motion for summary judgment, co-trustee Caston averred that Myers was removed because of his "unprofessional outbursts," "attacks and vendettas against Board members," "angry and unprofessional abrupt exits from Board meetings," and "derogatory remarks and characterizations about ... fellow Trustees."
 
 
 4
 Shortly after his removal from the Board, Myers filed suit in the Circuit Court of Cook County alleging that he was improperly removed. The defendants removed the case to federal court based on diversity of citizenship and a controversy in excess of $50,000. The defendants then moved for summary judgment, asserting that Myers' removal was proper because the unambiguous terms of the Declaration of Trust allowed the removal of a trustee "for any reason by a unanimous vote of the remaining trustees...." The district court agreed with the defendants and granted them summary judgment. We also agree.
 
 
 5
 Section 7.5 of the Declaration of Trust governs the removal of trustees from the Urantia Board of Trustees and provides:
 
 
 6
 7.5 REMOVAL OF TRUSTEE: Any Trustee may be removed for any reason by a unanimous vote of the remaining Trustees, and upon the casting of such a unanimous vote of the remaining Trusses, they shall thereupon execute a certificate under the hands and seals of said remaining Trustees certifying to the casting of such vote and to the removal of such Trustee, and the same shall be filed for record as provided in paragraph 9.1. Upon the execution and recordation of such certificate, a vacancy in the number of Trustees shall be deemed to exist.
 
 
 7
 The undisputed evidence presented by the defendants in support of their motion for summary judgment demonstrated that the trustees voted unanimously, not once but three times, to remove Myers. The undisputed record also evidences that the general counsel filed a certificate of removal as required by the Declaration of Trust. Thus, the procedure for removing Myers conformed with the Declaration of Trust. Under Illinois law courts are obligated to carry out the stated intent of the settlor of a trust. First Nat'l Bank of Chicago v. Canton Council of Campfire Girls, Inc., 426 N.E.2d 1198, 1201 (Ill.1981) ("The court's primary concern in construing a trust is to discover the settlor's intent, which the court will effectuate if it is not contrary to law or public policy."); Ford v. Newman, 396 N.E.2d 539, 540 (Ill.1979) (intent of settlor should be ascertained, where possible, from the trust instrument itself).
 
 
 8
 On appeal, Myers presents a myriad of arguments as to why the district court erred and why his removal was improper. However most of his voluminous arguments and the documents supporting them focus on the reasons why the other trustees wrongly voted to terminate him. While he obviously disputes the distasteful facts leading up to his discharge, it is not the duty of this court to sort out the unfortunate facts surrounding this dispute. Rather, we look only at whether the terms of the trust were properly executed. The only argument meriting any mention concerns Urantia's By-Laws. The Urantia By-Laws were adopted by the Trustees pursuant to Section 7.6 of the Declaration of Trust which provided that the trustees "shall adopt by-laws ... for the government of the Foundation and of the acts and procedures of the trustees." Section 2.4 of the By-Laws addresses the issue of removal of trustees and provides:
 
 
 9
 When, in the opinion of a majority of the Trustees, any Trustee has failed or refused to assume and perform his duties and responsibilities, or has done or permitted any act or thing which is inconsistent with or in degradation of the teaching of The Urantia Book, or by his acts or omissions has brought disrepute upon himself or URANTIA FOUNDATION, then, the Trustees shall cast a ballot on the question of whether or not such Trustee should be removed. Such ballot shall be cast at the first regular quarterly meeting of the Board of Trustees next succeeding the meeting at which the determination aforesaid shall have been made. A ballot on the question of whether or not such Trustee shall be removed shall be cast again at each of the next two regular quarterly meetings at which all of the other Trustees shall be present. If all of the Trustees other than the Trustee whose removal is being considered shall cast a ballot at each successive meeting as aforesaid for the removal of such Trustee, then said other Trustees shall execute a Certificate of Removal certifying to the removal of such Trustee, which certificate shall be in the following form:
 
 
 10
 Here the Certificate of Removal acknowledges the unanimous vote for removal and states that removal occurred after "due deliberation and the exercise of fair and impartial judgment...."
 
 
 11
 Myers interprets the By-Laws differently. Based on Section 2.4 of the By-Laws and the Certificate's statement that the trustees acted with "fair and impartial judgment" in removing the trustee, Myers contends that he could only be removed as a trustee for "cause" and then only after a full-blown, trial-like hearing. But Myers' interpretation of the By-Laws conflicts with the unambiguous language of the Declaration of Trust which provides for removal "for any reason." And Article 7.6 of the Declaration of Trust only authorizes the trustees to adopt By-Laws which are "not inconsistent with the provisions of th[e] Declaration of Trust." Myers' suggested reading would directly conflict with the Declaration of Trust. Also the By-Laws do not require any specific procedures for the removal hearing. To the extent that the By-Laws required certain procedures, the defendants presented uncontroverted evidence that they voted unanimously at three consecutive quarterly meetings to remove Myers from the Board of Trustees. Myers' removal was therefore proper and summary judgment appropriate. Stratmeyer v. United States, 67 F.3d 1340, 1345 (7th Cir.1995) (we shall affirm the district court's summary judgment if there is no genuine issue of material fact and if the movant is entitled to judgment as a matter of law); Ford, 396 N.E.2d at 541 (affirming grant of summary judgment where trust instrument resolved dispute).
 
 
 12
 Myers attempts to draw the court into his dispute with the Urantia Foundation by referencing several distasteful controversies involving him and other trustees. We need not involve ourselves with the personality conflicts that led to Myers' removal. We need only apply the trust documents. That application is straightforward; the Board of Trustees complied with the Declaration of Trust and the By-Laws in removing Myers as a trustee. Accordingly, the district court's decision is
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The Urantia Book is described as "religious revelation[s]" of "epochal significance."